UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

JERMAINE FABLE,

                       Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER RAYNA
MADHO, SERGEANT MARTIN GIMENEZ, and
POLICE OFFICERS JOHN AND JANE DOE # 3 – 10,

                       Defendants.
---------------------------------------------------------------x

CV 12-5781

TOWNES, COMPLAINT
LEVY, M.J.

JURY TRIAL DEMANDED

SUMMONS ISSUED

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.    Plaintiff demands a trial by jury in this action.

## PARTIES

6.    Plaintiff Jermain Fable ("plaintiff" or "Mr. Fable"), an African-American male, is a resident of Kings County in the City and State of New York.

7. Defendant The City of New York is a municipal organization organized under the laws of the State of New York.

8. Defendant The City of New York operates the New York City Police Department ("NYPD"), a department or agency of defendant The City of New York.

9. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. At all times relevant herein, Defendant Police Officer Rayna Madho ("Madho") was an officer, employee, and agent of Defendant The City of New York.

11. At all times relevant herein, Defendant Madho was acting within the scope of her employment with Defendant The City of New York.

12. At all times relevant herein, Defendant Madho was acting under color of state law.

13. Defendant Madho is sued in her individual and official capacities.

13. At all times relevant herein, Defendant Sergeant Martin Gimenez ("Gimenez") was a supervisor, officer, employee, and agent of Defendant The City of New York.

14. At all times relevant herein, Defendant Gimenez was acting within the scope of his employment with Defendant The City of New York.

15. At all times relevant herein, Defendant Gimenez was acting under color of state law.

16. Defendant Gimenez is sued in his individual and official capacities.

16. At all times relevant herein, Defendant Police Officers John and Jane Doe # 3 – 10 ("Unidentified Officers") were officers, employees, and agents of Defendant The City of New York.

17. At all times relevant herein, Defendant Unidentified Officers were acting within the scope of their employment with Defendant The City of New York.

18. At all times relevant herein, Defendant Unidentified Officers were acting under color of state law.

19. Defendant Unidentified Officers are sued in their individual and official capacities.

## STATEMENT OF FACTS

20. On November 15, 2011, Mr. Fable was legally present outside at his home located at 121 East 29th Street, Brooklyn, New York.

21. Mr. Fable heard Eric Payne yell out "Help me!"

22. Mr. Fable turned around and saw approximately five police officers hitting Mr. Payne.

23. Frightened, Mr. Fable ran towards the stairs leading to the basement of his house.

24. Defendant Police Officer John Doe 3 followed him and, at the bottom of the basement steps, placed a gun against Mr. Fable's head and ordered him back up the steps.

25. Mr. Fable was ordered to place his hands against the house and was searched three times by Defendant Police Officer John Doe 3, including the use of a flashlight down Mr. Fable's pants.

26. Nothing was found as a result of the searches.

27. Mr. Fable was released and he went into the basement portion of the home.

28. Defendant Madho and Defendant Unidentified Officers entered the basement of the home and beat Mr. Fable, kicking, punching, and striking him with weapons.

29. Defendants Madho and Unidentified Officers placed Mr. Fable under arrest.

30. Defendants Madho and Unidentified Officers, in placing handcuffs on Mr. Fable, purposely tightened them excessively.

31. Mr. Fable pled with Defendants Madho and Unidentified Officers to loosen the handcuffs, but they ignored his pleas.

32. Mr. Fable was placed in a marked police car and transported to the 67th Precinct.

33. While being transported, Mr. Fable requested, and was refused, medical attention.

34. At the 67th Precinct, Mr. Fable repeatedly requested, and was refused, medical attention.

35. Mr. Fable was transferred to Kings County Central Booking ("KKCB").

36. At KKCB, Mr. Fable requested, and was refused, medical attention.

37. Mr. Fable was held in custody approximately 36 hours.

38. Mr. Fable's arrest was made without probable cause.

39. Defendant Madho issued process against Mr. Fable, falsely accusing him of various crimes.

40. Mr. Fable's arrest was approved by Defendant Gimenez.

41. As a result of the foregoing, Mr. Fable was deprived of his constitutional rights and suffered serious emotional; psychological; and injuries, inter alia, to his hands, wrists, face, and body.

## FIRST CAUSE OF ACTION

*42 U.S.C. § 1983*

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. Defendants, by their conduct toward Plaintiff as alleged herein, violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## SECOND CAUSE OF ACTION
### *Unlawful Stop and Search*

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein alleged.

## THIRD CAUSE OF ACTION
### *False Arrest*

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

50. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## FOURTH CAUSE OF ACTION
### *Excessive Force*

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Plaintiff.

53. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### FIFTH CAUSE OF ACTION
*Denial of Substantive Due Process*

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. The individual defendants created false evidence against Plaintiff.

56. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's Office.

57. In creating false evidence against Plaintiff, and in forwarding false evidence to prosecutors, the individual defendants violated Plaintiff's right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

58. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### SIXTH CAUSE OF ACTION
*Malicious Abuse of Process*

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. The individual defendants issued legal process to place Plaintiff under arrest.

61. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their unlawful stop, search, and assault of Plaintiff.

62. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

63. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### SEVENTH CAUSE OF ACTION
*Failure to Intervene*

64. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

66. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

67. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### EIGHTH CAUSE OF ACTION
*Equal Protection Clause under 42 U.S.C. § 1983*

68. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69. The defendants' conduct was tantamount to discrimination against Plaintiff based on his ethnicity. Other individuals who are African-American are not, inter alia, assaulted and falsely arrested. This disparate treatment caused Plaintiff to suffer serious injuries.

70. As a result of the foregoing, Plaintiff was deprived of his rights under the Equal Protection Clause of the Constitution of the United States, and is thereby entitled to damages.

### NINTH CAUSE OF ACTION
*Conspiracy under 42 U.S.C. § 1983*

71. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72. The defendants jointly participated in the deprivation of Plaintiff's constitutional rights as set forth herein.

73. The defendants conspired in the deprivation of Plaintiff's constitutional rights by collectively lying about Plaintiff's actions and conduct, and intentionally withholding and/or destroying exculpatory evidence in order to support the defendants' fabricated version of the events.

74. As a result of the defendants' malicious efforts to damage Plaintiff, Plaintiff's liberty was restricted, he was restrained, injured while in custody, subjected to handcuffing, and, among other things, falsely arrested and prosecuted.

75. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### TENTH CAUSE OF ACTION
*Supervisory Liability under 42 U.S.C. § 1983*

76. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

77. Defendant Gimenez, an NYPD supervisor, personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise his subordinate employees regarding the adequate and proper investigation of the underlying facts that preceded Plaintiff's arrest, and by approving Plaintiff's arrest despite the availability of exculpatory evidence and/or the lack of probable cause.

78. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein alleged.

### ELEVENTH CAUSE OF ACTION
*Monell*

79. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

80. This is not an isolated incident. Defendant The City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Plaintiff.

81. Defendant The City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

82. Defendant The City of New York, through the NYPD, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence, and perjury.

83. Defendant The City of New York, through the NYPD, has a *de facto* overtime policy that encourages and incentivizes unlawful stops, unlawful searches, false arrests, the fabrication of evidence, and perjury.

84. Defendant The City of New York, at all relevant times, was aware that the individual defendants routinely committed constitutional violations such as those at issue here and has failed to change its policies, practices, and customs to stop this behavior.

85. Defendant The City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

86. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


Dated: New York, New York
       November 6, 2012

GREGORY P. MOUTON, JR. (GM-4379)
The Law Office of Gregory P. Mouton, Jr.
Attorney for Plaintiff
244 5th Avenue, Suite G247
New York, NY 10001
Phone & Fax: (646) 706-7481